**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4685**

─────────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

NEBER JOHARY ARDON-AYALA,

　　　　　　　Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:23-cr-00448-JKB-1)

─────────────

Submitted:  October 31, 2025　　　　　　　Decided:  November 25, 2025

─────────────

Before WYNN, THACKER, and BENJAMIN, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Alfred Guillaume III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant. David Christian Bornstein, Assistant United States Attorney, Spencer Todd, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neber Johary Ardon-Ayala pleaded guilty, pursuant to a written plea agreement, to illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a). The district court sentenced Ardon-Ayala to one year in prison and one year of supervised release. The court ordered Ardon-Ayala's one-year prison sentence to run consecutive to Ardon-Ayala's undischarged state sentence. On appeal, Ardon-Ayala's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion by imposing a consecutive sentence. Ardon-Ayala has filed a pro se brief challenging his sentence and suggesting that he received ineffective assistance of trial counsel. For the reasons explained below, we affirm Ardon-Ayala's conviction, vacate his sentence, and remand for resentencing.

Because Ardon-Ayala did not move to withdraw his guilty plea or otherwise object to the adequacy of the Fed. R. Crim. P. 11 hearing in the district court, we review the validity of Ardon-Ayala's guilty plea for plain error only. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). Having reviewed the record, we conclude that the district court conducted a thorough Rule 11 colloquy and that the court's only omission did not affect Ardon-Ayala's substantial rights.[1] *See id.* at 762 (explaining substantial rights inquiry of plain error test in Rule 11 context). We are also satisfied that Ardon-Ayala was competent

---

[1] *See* Fed. R. Crim. P. 11(b)(1)(E) (requiring district court to advise defendant of right to present evidence at trial).

2

to enter his guilty plea and that his guilty plea was knowing, voluntary, and supported by an independent factual basis.  We thus affirm Ardon-Ayala's conviction.

Turning to Ardon-Ayala's sentence, our review pursuant to *Anders* reveals a meritorious ground for appeal: the district court committed an error under *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020) (holding that district court is required to orally pronounce at sentencing all discretionary conditions of supervised release).

"We review the consistency of an oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether a[] [*Rogers*] error occurred as a matter of law."  *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024) (alteration and internal quotation marks omitted).  Here, the written judgment contains a discretionary condition of supervised release that was not pronounced at the sentencing hearing.  In particular, the written judgment states that, if Ardon-Ayala reenters the United States, he must report to the nearest probation office within 72 hours.  Although Ardon-Ayala's presentence report recommended the district court impose that condition, the district court never expressly incorporated that condition from the presentence report.[2]  *See id.* at 118-19 (explaining how district court may satisfy *Rogers*

---

[2] We also observe that the written judgment contains 13 standard conditions of supervised release that the district court did not pronounce during the sentencing hearing. While the district court stated at sentencing that it was imposing "the Maryland special terms of supervised release as they are set out in the presentence report," that statement is somewhat confusing given that the presentence report did not recommend imposing any "special terms."  Joint Appendix ("J.A.") 59.  Rather, the presentence report recommended the imposition of 13 "Standard Conditions of Supervision."  J.A. 137.  The district court perhaps misspoke and meant to say "standard" rather than "special."

3

through oral incorporation); *United States v. Smith*, 117 F.4th 584, 606 (4th Cir. 2024) ("[A]n adoption of proposed conditions of supervised release by a sentencing court—such as recommendations of such conditions set forth in the defendant's [presentence report]— requires those conditions to be expressly incorporated."), *cert. denied*, 145 S. Ct. 1340 (2025).

When a district court includes in the written judgment a discretionary supervised release condition that was not orally pronounced, we generally vacate the defendant's entire sentence and remand for resentencing. *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.), *cert. denied*, 145 S. Ct. 208 (2024). Because we are constrained to employ that remedy here, we have no occasion to consider counsel's and Ardon-Ayala's challenges to Ardon-Ayala's sentence.

Finally, turning to the ineffective assistance of trial counsel claims alleged in Ardon-Ayala's pro se brief, we review de novo an ineffective assistance of trial counsel claim made on direct appeal and "will reverse only if it *conclusively appears in the trial record itself* that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (alteration and internal quotation marks omitted); *see United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) ("Unless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal."). Because we conclude that any ineffectiveness of Ardon-Ayala's trial counsel does not appear on the face of the present record, Ardon-Ayala's ineffective assistance claims are not cognizable on direct appeal.

4

Ardon-Ayala should thus present these claims, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal other than the *Rogers* error.[3] We therefore affirm Ardon-Ayala's conviction, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Ardon-Ayala, in writing, of the right to petition the Supreme Court of the United States for further review. If Ardon-Ayala requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ardon-Ayala.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[3] We reiterate that we do not reach counsel's and Ardon-Ayala's challenges to Ardon-Ayala's sentence.